IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case. No. 06:20-cr-543-MC

        v.                                        ORDER

JOHN HENRY SCHNEIDER,

        Defendant.

_____

MCSHANE, Judge:

        Several months ago, the United States moved for a Writ of Garnishment to recover nearly $300,000 Defendant owes in restitution. Despite the Defendant's claims, at a hearing the Court concluded no exemptions applied to the Writ and directed the United States to provide the Court with a proposed order once it confirmed the exact amount outstanding.

        Following that hearing, Defendant moved the Court to "hold in abeyance signature authorizing Writ of Garnishment against Defendant." ECF No. 23. In that motion, Defendant makes a purely equitable argument as to why the Court should delay issuing the Writ. Specifically, he argues that he faces significant tax consequences should the government garnish his retirement funds, and that his wife is now willing to take a home equity line of credit on a home the couple live in to make good on the restitution award.[1]

---

[1] Defendant's wife, as trustee of her trust, owns the property. ECF No. 23, 3.

1 – ORDER

While the Court is not unsympathetic to Defendant's equitable argument, the Court is bound by the relevant statutes at issue. As noted by the United States, the Federal Debt Collection Procedures Act "provides the exclusive civil proceedings for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 300(1)(a)(1). As relevant here, should the Court find that the United States met all general requirements of the statute (such as providing at least a 30 day notice to the debtor), "the court shall issue an appropriate writ of garnishment." § 3205(c)(1). Should any party object, "[t]he court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable[.]" *Id* at 3205(c)(5). As noted, this Court held a hearing after Defendant objected, and then continued that hearing 30 days for Defendant to seek legal advice regarding exemptions or other available legal options. The statute provides that when, as here, "a hearing is timely requested, *the order shall be entered within 5 days after the hearing, or as soon thereafter as is practicable*." *Id.* at 3205(c)(7) (emphasis added).

Again, the Court is not unsympathetic to Defendant's equitable arguments. But the statute at issue places an emphasis on timeliness of the order. Defendant's motion to hold in abeyance, ECF No. 23, is DENIED. Nothing in this order requires the United States to immediately submit the proposed order. If it chooses, the government may give Defendant's wife a few weeks to perfect the loan in order to soften the tax burden facing Defendant. The court, however, is required to sign the order upon submission.

IT IS SO ORDERED.

DATED this 20th day of August, 2021.

_____/s/ Michael J. McShane_____  
Michael McShane  
United States District Judge

2 – ORDER